IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAROLYN FORD,<br><br>        Plaintiff,<br><br>v.<br><br>JALISCO MARKET, LLC, a Utah Limited Liability Company, MARK A. WILSON, an individual, and John Does I-X, XYZ Corporations and/or Limited Liability Companies I-X,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEYS FEES AND DENYING MOTION FOR LEAVE TO FILE SURREPLY**<br><br>Case No. 2:16-cv-00619<br><br>Judge Clark Waddoups |

Before the court are Defendants' Motion for Attorneys' Fees (ECF No. 75.) and Plaintiff's Motion for Leave to File Surreply. (ECF No. 79.) Defendants filed an Errata retracting any suggestion that Plaintiff did not pay filing fees at the time of filing certain complaints under the American with Disabilities Act ("ADA") before the district court. *See* ECF No. 81. Thus, any reference "aimed at impugning the Plaintiff's character and intent" has been mooted and does not need to be addressed. Accordingly, Plaintiff's request to file a surreply under Local Rule 7-1(b)(2)(B) in order to rebut "false and inflammatory allegations" is denied. Likewise, Plaintiff's request for oral argument on the Motion for Attorneys' Fees is denied. The court will address Defendants' request for attorneys' fees below.

Here, Plaintiff's complaint alleged four causes of action: 1) injunction for violation of Title III of the ADA; 2) declaratory relief; 3) nuisance under §78B-6-1101 of the Utah Code; and 4) unjust enrichment. (ECF No. 2.) All of Plaintiff's causes of action were dismissed pursuant to

the court's Order granting Defendants' Motion to Dismiss, which the court converted to a motion for summary judgment. (ECF No. 74.) Thus, Defendants are the prevailing party of a final judgment.

The American with Disabilities Act, allows the court "in its discretion" to award reasonable attorneys' fees to the prevailing party "in any action or administrative proceeding commenced pursuant to this chapter." 42 U.S.C. § 12205. The Supreme Court held in *Christiansburg Garmernt Co. v. EEOC*, 434 U.S. 412 (1978), that a prevailing defendant in an action brought under Title VII of the Civil Rights Act of 1964 should ordinarily only recover attorneys' fees if the district court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in bad faith." *Id*. at 421. "This standard applies as well to the recovery of attorneys' fees by prevailing defendants in an ADA action." *Twilley v. Integris Baptist Med. Ctr., Inc*., 16 Fed. Appx. 923, 926 (10th Cir. 2001) (internal citation omitted). "Dismissal of claims at the summary-judgment stage will not automatically meet the standard for imposing fees against the plaintiff." *Mitchell v. City of Moore, Okla*., 218 F.3d 1109, 1203 (10th Cir. 2000). If a Plaintiff, however, "continued to litigate after it" became clear her claims were "frivolous, unreasonable, or groundless[,]" attorneys' fees should be assessed to the defendants. *Christianburg*, 434 U.S. at 422.[1] *See also E.E.O.C. v. TriCore Reference Labs*., 493 Fed. Appx. 955, 961 (10th Cir. 2012) (affirming award of fees to defendants where EEOC continued to litigate after discovery showed there were no grounds to proceed).

---

[1] Both parties cite three factors they claim are cited in *Twilley* and should thus be considered by this court in assessing the motion for attorneys' fees: whether 1) plaintiff established a *prima facie case*; 2) the defendant offered to settle; and 3) the trial court dismissed the case prior to trial. These factors are not cited in *Twilley* nor have they been adopted by the Tenth Circuit. They come from an Eleventh Circuit case, *Bonner v. Mobile Energy Serv. Co., L.L.C*., 246 F.3d 1303, 1304 (11th Cir. 2001). Accordingly, they will not be considered by the court in its analysis.

2

Here, on October 4, 2016, Defendants filed a Motion to Dismiss, arguing they had remedied the ADA violations alleged in Plaintiff's Complaint. (ECF No. 26.) The motion was accompanied by two declarations that lacked the perjury language required by 28 U.S.C. § 1746 and were thus inadmissible.

On April 26, 2017, the court issued an Order to Show Cause in this matter noting that after reviewing Plaintiff's Complaint "it is not apparent" Defendants are subject to the ADAAG. (ECF No. 60.) Plaintiff filed a response attesting, in relevant part, that Defendants' premises were in violation of both the 1991 and 2010 Standards of the ADAAG, and that Defendants were required to comply with the 2010 Standards pursuant to 28 C.F.R. 36.406 (a)(3). (ECF No. 61.)

On May 19, 2017, Defendants filed a Response to Order to Show Cause asserting that because the ADA violations in Plaintiff's Complaint had been remedied, the court should dismiss the action for lack of standing. (ECF No. 62.) The Defendants attached numerous records in support of their position, including six photographs and an invoice from Low Price Asphalt Maintenance, LLC. (ECF Nos. 62-1 through 62-4.) Neither the photographs nor the invoice, however, were authenticated and thus were not admissible evidence.

The court held a hearing on the Motion to Dismiss on May 26, 2017, and concluded: "it needs the record to be supplemented with admissible and authenticated material as to whether defendants are in compliance with the relevant standards and/or whether compliance is readily achievable including the financial factors required by ADA law." (ECF No. 63.)

Thereafter, on June 29, 2017, Defendants filed a Submission of ADA Compliance ("ADA Submission") with four declarations. (ECF No. 64.) Although the declarations generally claimed the issues with the parking space and aisle at the market had been rectified, once again, none of

3

the declarations was provided under penalty of perjury, and all were thus inadmissible. (*See* in particular ECF Nos. 64-1 and 64-3.)

Thereafter, the court converted the motion to dismiss into a motion for summary judgment and entered a Docket Text Order giving both parties an opportunity to re-file affidavits in support of the motion for summary judgment. (ECF Nos. 66-67.) On September 19, 2017, Defendants filed four affidavits, including the Affidavit of Juan Arechiga. (ECF No. 70.) In this affidavit, Mr. Arechiga testified how "until recently" he believed the work done by Low Price Asphalt Maintenace LLC in November 2016, had made the parking lot ADA compliant. *Id*. at ¶ 10. But "due to issues raised," he made the choice to spend more money and "additional work was done on June 14, 2017, with minor modifications made on August 11, 2017, to make certain it was fully and completely ADA compliant." *Id*. at ¶ 12. Two other affidavits filed in September 19, 2017, by Kevin Hunt, a licensed general contractor, and Guillermo Garcia, an employee of Low Price Asphalt Maintenance, LLC, confirm that after the work done in the summer 2017, the parking space and adjacent aisle was now in full compliance with ADA Standards.

After receiving those four affidavits, Plaintiff chose to continue litigating this matter. She provided her own declaration (ECF No. 73.), as well as the Declaration of Dennis Brunetti, a Certified International Code Council Inspector, (ECF No. 72.) in an attempt to defeat Defendants' motion for summary judgment. Neither declaration raised admissible evidence that any ADA violation was continuing. Thus, Plaintiff chose to continue to litigate after it became clear her claim was "frivolous, unreasonable, or groundless," and thus attorneys' fees should be awarded to the defendants.

According to defense counsel's affidavit, his clients spent a total of $30,830.00 on attorneys' fees in this matter. Here, based on the testimony provided by Mr. Juan Arechiga, it

appears Jalisco Market conducted the "minor modifications" that made the parking lot fully ADA compliant on August 11, 2017. (ECF No. 70 at ¶ 12.). Defendants' counsel, however, did not file declarations with the court about this issue until September 19, 2017. *See* Court Docket. The Plaintiff, therefore, was not fairly place on notice about Defendants' rectifications to the parking lot until September 19, 2017. Once she learned of it, Plaintiff chose to continue to litigate rather than dismiss or settle this matter. *See Twilley*, 16 Fed. Appx. at 926. Accordingly, the court awards Defendants attorneys' fees for all attorneys' fees expended on or after September 19, 2017, which according to their counsels' affidavit is $1,536.

The court orders as follows:

1. Plaintiff's Motion for Leave (ECF No. 79.) is DENIED.

2. Defendants' Motion for Attorneys' Fees (ECF No. 75.) is GRANTED in the amount of $1,536.

SO ORDERED this 6th day of December, 2017.

BY THE COURT:

_____
The Honorable Clark Waddoups
United States District Court Judge